UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBER R. ANDRADE,<br><br>        Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, Warden,<br><br>        Respondent. | 1:10-cv-1537-AWI-MJS<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Warden Gary Swarthout, of California State Prison, Solano is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The parties have not jointly consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 8.)

I.   **PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Contra Costa, following his conviction by jury trial on January 2, 1981, of second degree murder. (Answer, ECF No. 16, Ex. 1 at 2.) Petitioner was given an indeterminate sentence of fifteen years to life. (Id.)

On September 2, 2008, prison staff discovered an inmate-manufactured handcuff slipping device in Petitioner's cell. Petitioner received a copy of the rules violation report on

1  September 12, 2008. He was not assigned an investigatory employee or staff assistant to aid
2  with his investigation. Petitioner's disciplinary hearing was held on October 10, 2008 where he
3  was found guilty of possession of dangerous contraband and assessed a 120-day loss of
4  credit. (Pet. at 27-29.)
5       On July 6, 2009 Petitioner filed a habeas petition challenging the disciplinary action in
6  the San Luis Obispo County Superior Court, which was denied on July 31, 2009. (Answer,
7  Exs. 1-2.)
8       On November 19, 2009, Petitioner filed a writ of habeas corpus in the California Court
9  of Appeal, Second Appellate District, which was summarily denied on November 25, 2009.
10 (Answer, Exs. 3-4.)
11      Petitioner filed a habeas petition in the California Supreme Court on January 13, 2010
12 which was summarily denied on April 14, 2010. (Answer, Exs. 5-6.)
13      Petitioner then filed the instant federal habeas petition on August 26, 2010. (Pet. at
14 9-14.)  Petitioner raises the following five claims for relief:
15     1.)    Failure of prison staff to search Petitioner's cell before placing him there,
16          resulting in violation of procedural due process;
17     2.)    Lack of a preponderance of the evidence in finding Petitioner guilty of
18          possession of dangerous contraband;
19     3.)    Denial of an investigative employee;
20     4.)    Prison staff failed to protect Petitioner; and
21     5.)    Prison staff altered the disciplinary report.
22      Respondent filed an answer to the petition on April 13, 2012, and Petitioner filed a
23 traverse on May 29, 2012. (Answer & Traverse, ECF Nos. 16, 17.)
24 **II.**    **DISCUSSION**
25     **A.**    **Jurisdiction**
26      Relief by way of a petition for writ of habeas corpus extends to a person in custody
27 pursuant to the judgment of a state court if the custody is in violation of the Constitution or
28 laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

1  v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his
2  right to due process as guaranteed by the U.S. Constitution.  In addition, Petitioner was
3  confined in Kings County at the time of filing, which is located within the jurisdiction of this
4  court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

5      **B.**    <u>**Legal Standard of Review**</u>

6      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
7  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
8  enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484,
9  1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus,
10 it is governed by its provisions.

11     Under AEDPA, an application for a writ of habeas corpus by a person in custody under
12 a judgment of a state court may be granted only for violations of the Constitution or laws of the
13 United States. 28 U.S.C. § 2254(a); <u>Williams v. Taylor</u>, 529 U.S. at 375 n. 7 (2000). Federal
14 habeas corpus relief is available for any claim decided on the merits in state court proceedings
15 if the state court's adjudication of the claim:

16     (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established federal law, as
17     determined by the Supreme Court of the United States; or

18     (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in the
19     State court proceeding.

20 28 U.S.C. § 2254(d).

21     1.    <u>Contrary to or an Unreasonable Application of Federal Law</u>

22     A state court decision is "contrary to" federal law if it "applies a rule that contradicts
23 governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are
24 materially indistinguishable from" a Supreme Court case, yet reaches a different result."
25 <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005) (citing <u>Williams</u>, 529 U.S. at 405-06). "AEDPA
26 does not require state and federal courts to wait for some nearly identical factual pattern
27 before a legal rule must be applied. . . . The statue recognizes . . . that even a general
28 standard may be applied in an unreasonable manner" <u>Panetti v. Quarterman</u>, 551 U.S. 930,

953 (2007) (citations and quotation marks omitted).  The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).  For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003).  A state court decision will involve an "unreasonable application of "federal law only if it is "objectively unreasonable." Id. at 75-76 (quoting Williams, 529 U.S. at 409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing Williams, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541 U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting Richter, 131 S. Ct. at 786).

        2.      Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by

showing there was no reasonable basis for the state court to deny relief." Id. (" This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.  Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75).  AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id.  To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787.  It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3.   Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).  Some constitutional errors, however, do not require

1  that the petitioner demonstrate prejudice.  See Arizona v. Fulminante, 499 U.S. 279, 310

2  (1991); United States v. Cronic, 466 U.S. 648, 659 (1984).  Furthermore, where a habeas

3  petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v.

4  Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do

5  not engage in a separate analysis applying the Brecht standard.  Avila v. Galaza, 297 F.3d

6  911, 918, n. 7 (2002).  Musalin v. Lamarque, 555 F.3d at 834.

## III.  REVIEW OF PETITION

Petitioner asserts a number of due process violations in his petition. The Court's analysis is dedicated to determining whether: 1) The evidentiary standard establishing Petitioner's guilt fell below due process standards, and 2) Petitioner was denied his due process right to an investigative employee. The remaining claims are not cognizable as they fail to  address a violation of federal law or a constitutional right.

### A.    State Court Opinion

The last reasoned state court decision is from the San Luis Obispo County Superior Court's July 31, 2009 decision denying Petitioner's habeas petition. The court explained:

> The petitioner challenges a discretionary decision by custodial officials. Although the actions by these officials are not absolute their discretion is subject to a prisoner's right to procedural due process. The officials' decision must have a factual basis and may not be based on whim, caprice, or rumor. While the evidence presented may be conflicting, the resolution of that conflict and the weight to be given the evidence was for the hearing officer. As long as the decision reflects due consideration of the facts as applied to the petitioner in accordance with applicable legal standards, the court's review is limited to ascertaining whether this is some evidence in the record that supports the prison official's decision. In re Powell (1988) 45 Cal. 3d 894, 904; In Re Singler (2009) 169 Cal. App. 4th 1227.
>
> Generally, the Petitioner contends that he was wrongfully disciplined for possessing a handcuff slipping device. However, the device was found in the common area of his cell at a location, notwithstanding a shared cell, where he would have readily known of its presence. If it were not his device a reasonable person knowing the consequences if the device was found, would have taken steps to remove the device or call it to the attention of prison official.
>
> Consequently, there is a sufficient showing in the record that some evidence exists supporting the decision by prison officials and that petitioner's due process rights have not been violated. The court finds no merit in the other arguments presented by the petitioner.

(Answer, Ex. 2, p. 2-4.)

**B.  Due Process**

    1.    <u>Some Evidence Standard</u>

The law concerning a prisoner's Fourteenth Amendment liberty interest in good time credit is set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good time credit, an inmate has a liberty interest in good time credit when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. <u>See id.</u> at 557 ("It is true that the Constitution itself does not guarantee good time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior."); <u>id.</u> ("[T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance …."); <u>id.</u> at 558 (holding that "[s]ince prisoners in Nebraska can only lose good time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed").

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff</u>, 418 U.S. at 539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454 455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.

U.S. District Court
E. D. California
-7-

In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)). In Hill, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . ." Id. "Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455 456. The Court justified this lesser standard as follows:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require the courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Id. at 456. (Citations omitted.)

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill, 472 at 457. Even where, as in Hill, the evidence in the case "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. Id. Thus, if the procedures listed above are afforded to an inmate, and "some evidence" supports the hearing officer's decision, the requirements of due process are satisfied. Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d at 1269-1270.

Petitioner challenges the sufficiency of the evidence used to establish his guilt for possession of dangerous contraband. While Petitioner contends that there was not a preponderance of the evidence to support his guilty verdict, this is not the evidentiary standard upon which federal courts may review prison disciplinary hearings. Instead, as stated above, the standard is less stringent, and only requires "some evidence". The evidence supporting

Petitioner's guilty verdict included a rules violation report, nine photos of the dangerous contraband, and sworn testimony from a correctional officer that all empty cells are searched prior to placing a new inmate inside. (Pet. at 28.) According to the rules violation report written by Officer R. Zamora, she was searching Petitioner's cell when she found an inmate manufactured handcuff slipping device under a piece of cardboard. (Pet at 27.) The evidence presented at the hearing and relied upon by the hearing officer satisfies the some evidence standard. The fact that Petitioner denied that he possessed the dangerous contraband, or that the evidence presented at the hearing was not overwhelming, does not alter the conclusion that the hearing officer's decision was supported by some evidence. Therefore, the state court reasonably concluded there was some evidence to uphold the decision of the hearing officer.

        2.      <u>Habeas Relief is not Warranted with Respect to Petitioner's Claim Regarding the Denial of an Investigative Employee</u>

There are limited circumstances where investigative employees may be assigned to prisoners to facilitate with the investigatory process. <u>Wolff</u>, 418 U.S. at 570. Due process requires a prisoner receive staff assistance "where an illiterate inmate is involved . . . [or where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." <u>Id.</u> Yet, this right to an investigative employee is further limited to instances when seeking aid from a fellow inmate is forbidden or when prison staff fails to designate a competent inmate to aid the prisoner. <u>Id.</u>

California law affords prisoners a greater right to an investigatory employee than due process mandates in <u>Wolff</u>. <u>See</u> Cal. Code Regs. tit. 15, §§ 3315(d), 3318(b). The Supreme Court laid out the minimum procedural due process requirements with regard to prison disciplinary hearings in <u>Wolff</u>. When "state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994) (quoting <u>Rogers v. Okin</u>, 738 F.2d 1, 8 (1st Cir.1984)), overruled on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472, 483–84. Furthermore, as stated in: <u>Pulley v. Harris</u>:

> Under 28 U.S.C. § 2241, a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (1976). A federal court may not issue the writ on the basis of a perceived error of state law.

465 U.S. 37, 41 (1984).

The standard governing due process violations for investigatory employees is not that required by California law, but that set forth in Wolff. Walker v. Summer, 14 F.3d 1415, 1420 (9th Cir. 1994).

Petitioner asserts his right to an investigatory employee under California Code of Regulations 15 §§ 3315(d) and 3318(b) and California Penal Code § 2932. While Petitioner may have possibly been afforded the right to an investigatory employee under California law, federal due process does not require the same. Petitioner's claim for relief under California law does not present a cognizable claim.

Wolff holds that there is a due process right to an investigatory employee when the issues presented are complex. The term "complex" has been left open to judicial interpretation. Issues courts have found to lack complexity include: "possession of controlled substance," "mutual combat," and "possession of dangerous property" See e.g., Simpson v. Dexter, No. 09-0300, 2009 U.S. Dist. WL 6340117 at *6, 2009 U.S. Dist. LEXIS 126586 (E.D. Cal. Aug. 13, 2009); Harrison v. Marshall, No. 10-2300, 2010 U.S. Dist. WL 5422540 at *6, 2010 U.S. Dist. LEXIS 136943 (C.D. Cal. July 28, 2010); Delong v. Knowles, No. 04-0946, 2008 U.S. Dist. WL 582186 at *7, 2008 U.S. Dist. LEXIS 15593 (E.D. Cal. Feb. 29, 2008).

Petitioner's due process right to an investigatory employee was satisfied. The record does not reveal that Petitioner is illiterate. The issue presented was not complex. Petitioner claims the issue was complex as indicated by his inability to gather the following information:

> 1) Record of cell searches on and before petitioner ocupied (sic) the cell. 2) Record of the different Crews working on the cell on that day, and week September 2, 2008. 3) Statements from all cancerned (sic) regarding the level of supervision of these inmate crews, 4) Check for another prior similar incident involving a handcuff key.

(Pet. at 13.)

The record reveals that Petitioner questioned a member of the prison staff regarding

the search of his cell at his disciplinary hearing. (Pet. at 29.) On Petitioner's second level appeal, prison staff noted its investigation revealing that it would be unnecessary and unauthorized for working crews to possess any tool resembling the handcuff slipping device found in Petitioner's cell. (Pet. at 22-24.) Also, Petitioner had the opportunity at his disciplinary hearing to explain that he was not involved in any prior incidents involving a handcuff key. Petitioner was charged with possession of dangerous contraband found in his cell. A substantially similar charge has been found to lack complexity, and the Court finds the same here. Accordingly, Petitioner did not provide sufficient evidence indicating his issue was complex to require a due process right to an investigatory employee.

### C.     Habeas Relief is Not Warranted With Respect to Claims One, Four and Five

Petitioner's claims one, four, and five do not allege a violation of federal law or Petitioner's constitutional rights. Petitioner's claim that staff failed to search his cell prior to his placement therein is not supported by the record. In fact, when Petitioner questioned a member of prison staff at his disciplinary hearing, the response was that all vacant cells are indeed searched. (Pet. at 29.) Further, Petitioner claims that prison staff failed to protect him by demonstrating "how to open handcuffs with a homemade key," thereby teaching him an escape technique.  Petitioner cites to California Regulations for supporting law. (Pet. at 13.) This claim does not affect Petitioner's constitutional right to due process regarding his disciplinary hearing nor does it violate a federal law and is thus not cognizable. Lastly, Petitioner's claim that Officer Zamora's initial report differed from her second report is a credibility issue for the disciplinary hearing officer to weigh. Petitioner had the ability to present any alleged discrepancies to the hearing officer at his disciplinary hearing. Petitioner is not entitled to federal habeas relief for the above claims.

## IV.   RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that Petitioner's petition for writ of habeas corpus relief be **DENIED**.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 29, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
-12-