1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIBER R. ANDRADE, | ) | 1:10-cv-1537-AWI-MJS |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| GARY SWARTHOUT, Warden, | ) | |
| Respondent. | ) | |

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254. Respondent, Warden Gary Swarthout, of California State

19  Prison, Solano is hereby substituted as the proper named respondent pursuant to Rule 25(d)

20  of the Federal Rules of Civil Procedure. The parties have not jointly consented to Magistrate

21  Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 8.)

22  **I.      PROCEDURAL BACKGROUND**

23        Petitioner is currently in the custody of the California Department of Corrections

24  pursuant to a judgment of the Superior Court of California, County of Contra Costa, following

25  his conviction by jury trial on January 2, 1981, of second degree murder. (Answer, ECF No.

26  16, Ex. 1 at 2.) Petitioner was given an indeterminate sentence of fifteen years to life. (Id.)

27        On September 2, 2008, prison staff discovered an inmate-manufactured handcuff

28  slipping device in Petitioner's cell. Petitioner received a copy of the rules violation report on

U.S. District Court
E. D. California

-1-

1   September 12, 2008. He was not assigned an investigatory employee or staff assistant to aid

2   with his investigation. Petitioner's disciplinary hearing was held on October 10, 2008 where he

3   was found guilty of possession of dangerous contraband and assessed a 120-day loss of

4   credit. (Pet. at 27-29.)

5          On July 6, 2009 Petitioner filed a habeas petition challenging the disciplinary action in

6   the San Luis Obispo County Superior Court, which was denied on July 31, 2009. (Answer,

7   Exs. 1-2.)

8          On November 19, 2009, Petitioner filed a writ of habeas corpus in the California Court

9   of Appeal, Second Appellate District, which was summarily denied on November 25, 2009.

10  (Answer, Exs. 3-4.)

11         Petitioner filed a habeas petition in the California Supreme Court on January 13, 2010

12  which was summarily denied on April 14, 2010. (Answer, Exs. 5-6.)

13         Petitioner then filed the instant federal habeas petition on August 26, 2010. (Pet. at

14  9-14.)  Petitioner raises the following five claims for relief:

15         1.)    Failure of prison staff to search Petitioner's cell before placing him there,

16                resulting in violation of procedural due process;

17         2.)    Lack of a preponderance of the evidence in finding Petitioner guilty of

18                possession of dangerous contraband;

19         3.)    Denial of an investigative employee;

20         4.)    Prison staff failed to protect Petitioner; and

21         5.)    Prison staff altered the disciplinary report.

22         Respondent filed an answer to the petition on April 13, 2012, and Petitioner filed a

23  traverse on May 29, 2012. (Answer & Traverse, ECF Nos. 16, 17.)

24  **II.    DISCUSSION**

25         **A.    Jurisdiction**

26         Relief by way of a petition for writ of habeas corpus extends to a person in custody

27  pursuant to the judgment of a state court if the custody is in violation of the Constitution or

28  laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

U.S. District Court
E. D. California

1  v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his

2  right to due process as guaranteed by the U.S. Constitution.  In addition, Petitioner was

3  confined in Kings County at the time of filing, which is located within the jurisdiction of this

4  court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

5  **B.    Legal Standard of Review**

6  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

7  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

8  enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484,

9  1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus,

10 it is governed by its provisions.

11 Under AEDPA, an application for a writ of habeas corpus by a person in custody under

12 a judgment of a state court may be granted only for violations of the Constitution or laws of the

13 United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal

14 habeas corpus relief is available for any claim decided on the merits in state court proceedings

15 if the state court's adjudication of the claim:

16        (1) resulted in a decision that was contrary to, or involved an
          unreasonable application of, clearly established federal law, as
17        determined by the Supreme Court of the United States; or

18        (2) resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the
19        State court proceeding.

20 28 U.S.C. § 2254(d).

21        1.    Contrary to or an Unreasonable Application of Federal Law

22 A state court decision is "contrary to" federal law if it "applies a rule that contradicts

23 governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are

24 materially indistinguishable from" a Supreme Court case, yet reaches a different result."

25 Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06). "AEDPA

26 does not require state and federal courts to wait for some nearly identical factual pattern

27 before a legal rule must be applied. . . . The statue recognizes . . . that even a general

28 standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930,

U.S. District Court
E. D. California

1  953 (2007) (citations and quotation marks omitted).  The "clearly established Federal law"

2  requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v.

3  Lamarque, 555 F.3d 830, 839 (2009).  For a state decision to be an unreasonable application

4  of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions

5  must provide a governing legal principle (or principles) to the issue before the state court.

6  Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003).  A state court decision will involve an

7  "unreasonable application of "federal law only if it is "objectively unreasonable." Id. at 75-76

8  (quoting Williams, 529 U.S. at 409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In

9  Harrington v. Richter, the Court further stresses that "an unreasonable application of federal

10  law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing

11  Williams, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim

12  lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

13  correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541 U.S.

14  653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading

15  outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010).

16  "It is not an unreasonable application of clearly established Federal law for a state court to

17  decline to apply a specific legal rule that has not been squarely established by this Court."

18  Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting Richter, 131

19  S. Ct. at 786).

20              2.      Review of State Decisions

21         "Where there has been one reasoned state judgment rejecting a federal claim, later

22  unexplained orders upholding that judgment or rejecting the claim rest on the same grounds."

23  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the "look through"

24  presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006).

25  Determining whether a state court's decision resulted from an unreasonable legal or factual

26  conclusion, "does not require that there be an opinion from the state court explaining the state

27  court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is

28  unaccompanied by an explanation, the habeas petitioner's burden still must be met by

U.S. District Court
E. D. California

1  showing there was no reasonable basis for the state court to deny relief." Id. (" This Court now

2  holds and reconfirms that § 2254(d) does not require a state court to give reasons before its

3  decision can be deemed to have been 'adjudicated on the merits.'").

4       Richter instructs that whether the state court decision is reasoned and explained, or

5  merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is

6  the same: "Under § 2254(d), a habeas court must determine what arguments or theories

7  supported or, as here, could have supported, the state court's decision; then it must ask

8  whether it is possible fairminded jurists could disagree that those arguments or theories are

9  inconsistent with the holding in a prior decision of this Court." Id. at 786.  Thus, "even a strong

10  case for relief does not mean the state court's contrary conclusion was unreasonable."  Id.

11  (citing Lockyer v. Andrade, 538 U.S. at 75).  AEDPA "preserves authority to issue the writ in

12  cases where there is no possibility fairminded jurists could disagree that the state court's

13  decision conflicts with this Court's precedents."  Id.  To put it yet another way:

14       As a condition for obtaining habeas corpus relief from a federal court, a
state prisoner must show that the state court's ruling on the claim being

15  presented in federal court was so lacking in justification that there was an error
well understood and comprehended in existing law beyond any possibility for

16  fairminded disagreement.

17  Id. at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts are the

18  principal forum for asserting constitutional challenges to state convictions." Id. at 787.  It

19  follows from this consideration that § 2254(d) "complements the exhaustion requirement and

20  the doctrine of procedural bar to ensure that state proceedings are the central process, not just

21  a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433

22  U.S. 72, 90 (1977).

23          3.    Prejudicial Impact of Constitutional Error

24       The prejudicial impact of any constitutional error is assessed by asking whether the

25  error had "a substantial and injurious effect or influence in determining the jury's verdict."

26  Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22

27  (2007) (holding that the Brecht standard applies whether or not the state court recognized the

28  error and reviewed it for harmlessness).  Some constitutional errors, however, do not require

1 that the petitioner demonstrate prejudice.  See Arizona v. Fulminante, 499 U.S. 279, 310

2 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984).  Furthermore, where a habeas

3 petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v.

4 Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do

5 not engage in a separate analysis applying the Brecht standard.  Avila v. Galaza, 297 F.3d

6 911, 918, n. 7 (2002).  Musalin v. Lamarque, 555 F.3d at 834.

7 **III.**     **REVIEW OF PETITION**

8          Petitioner asserts a number of due process violations in his petition. The Court's

9 analysis is dedicated to determining whether: 1) The evidentiary standard establishing

10 Petitioner's guilt fell below due process standards, and 2) Petitioner was denied his due

11 process right to an investigative employee. The remaining claims are not cognizable as they

12 fail to  address a violation of federal law or a constitutional right.

13          **A.     State Court Opinion**

14          The last reasoned state court decision is from the San Luis Obispo County Superior

15 Court's July 31, 2009 decision denying Petitioner's habeas petition. The court explained:

16          The petitioner challenges a discretionary decision by custodial officials.
         Although the actions by these officials are not absolute their discretion is subject
17          to a prisoner's right to procedural due process. The officials' decision must have
         a factual basis and may not be based on whim, caprice, or rumor. While the
18          evidence presented may be conflicting, the resolution of that conflict and the
         weight to be given the evidence was for the hearing officer. As long as the
19          decision reflects due consideration of the facts as applied to the petitioner in
         accordance with applicable legal standards, the court's review is limited to
20          ascertaining whether this is some evidence in the record that supports the prison
         official's decision. In re Powell (1988) 45 Cal. 3d 894, 904; In Re Singler (2009)
21          169 Cal. App. 4th 1227.

22          Generally, the Petitioner contends that he was wrongfully disciplined for
         possessing a handcuff slipping device. However, the device was found in the
23          common area of his cell at a location, notwithstanding a shared cell, where he
         would have readily known of its presence. If it were not his device a reasonable
24          person knowing the consequences if the device was found, would have taken
         steps to remove the device or call it to the attention of prison official.

25          Consequently, there is a sufficient showing in the record that some
26          evidence exists supporting the decision by prison officials and that petitioner's
         due process rights have not been violated. The court finds no merit in the other
27          arguments presented by the petitioner.

28 (Answer, Ex. 2, p. 2-4.)

1    **B.    Due Process**

2         1.    Some Evidence Standard

3         The law concerning a prisoner's Fourteenth Amendment liberty interest in good time

4    credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States

5    Constitution does not guarantee good time credit, an inmate has a liberty interest in good time

6    credit when a state statute provides such a right and delineates that it is not to be taken away

7    except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not

8    guarantee good time credit for satisfactory behavior while in prison. But here the State itself

9    has not only provided a statutory right to good time but also specifies that it is to be forfeited

10   only for serious misbehavior."); id. ("[T]he State having created the right to good time and itself

11   recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's

12   interest has real substance …."); id. at 558 (holding that "[s]ince prisoners in Nebraska can

13   only lose good time credits if they are guilty of serious misconduct, the determination of

14   whether such behavior has occurred becomes critical, and the minimum requirements of

15   procedural due process appropriate for the circumstances must be observed").

16        Prisoners cannot be entirely deprived of their constitutional rights, but their rights may

17   be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at

18   539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not

19   afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due

20   process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v.

21   Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, etc. v. Hill, 472 U.S. 445,

22   454 455 (1984)).

23        When a prison disciplinary proceeding may result in the loss of good time credits, due

24   process requires that the prisoner receive: (1) advance written notice of at least 24 hours of

25   the disciplinary charges; (2) an opportunity, when consistent with institutional safety and

26   correctional goals, to call witnesses and present documentary evidence in his defense; and

27   (3) a written statement by the fact finder of the evidence relied on and the reasons for the

28   disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

U.S. District Court
E. D. California

1    In addition, due process requires that the decision be supported by "some evidence."

2  Hill, 472 U.S. at 455 (citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273

3  U.S. 103, 106 (1927)). In Hill, the United States Supreme Court explained that this standard

4  is met if "there was some evidence from which the conclusion of the administrative tribunal

5  could be deduced . . ." Id. "Ascertaining whether this standard is satisfied does not require an

6  examination of the entire record, independent assessment of the credibility of witnesses, or

7  weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether

8  there is any evidence in the record that could support the conclusion reached by the

9  disciplinary board." Id. at 455 456. The Court justified this lesser standard as follows:

10       We decline to adopt a more stringent evidentiary standard as a
         constitutional requirement. Prison disciplinary proceedings take place in a highly
11       charged atmosphere, and prison administrators must often act swiftly on the
         basis of evidence that might be insufficient in less exigent circumstances. The
12       fundamental fairness guaranteed by the Due Process Clause does not require
         the courts to set aside decisions of prison administrators that have some basis
13       in fact. Revocation of good time credits is not comparable to a criminal
         conviction, and neither the amount of evidence necessary to support such a
14       conviction, nor any other standard greater than some evidence applies in this
         context.
15
   Id. at 456. (Citations omitted.)
16
        "The Federal Constitution does not require evidence that logically precludes any
17
   conclusion but the one reached by the disciplinary board." Hill, 472 at 457. Even where, as in
18
   Hill, the evidence in the case "might be characterized as meager," if "the record is not so
19
   devoid of evidence that the findings of the disciplinary board were without support or otherwise
20
   arbitrary," those findings must be upheld. Id. Thus, if the procedures listed above are afforded
21
   to an inmate, and "some evidence" supports the hearing officer's decision, the requirements
22
   of due process are satisfied. Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d at 1269-1270.
23
        Petitioner challenges the sufficiency of the evidence used to establish his guilt for
24
   possession of dangerous contraband. While Petitioner contends that there was not a
25
   preponderance of the evidence to support his guilty verdict, this is not the evidentiary standard
26
   upon which federal courts may review prison disciplinary hearings. Instead, as stated above,
27
   the standard is less stringent, and only requires "some evidence". The evidence supporting
28

1   Petitioner's guilty verdict included a rules violation report, nine photos of the dangerous

2   contraband, and sworn testimony from a correctional officer that all empty cells are searched

3   prior to placing a new inmate inside.  (Pet. at 28.) According to the rules violation report written

4   by Officer R. Zamora, she was searching Petitioner's cell when she found an inmate

5   manufactured handcuff slipping device under a piece of cardboard. (Pet at 27.) The evidence

6   presented at the hearing  and relied upon by the hearing officer satisfies the some evidence

7   standard. The fact that Petitioner denied that he possessed the dangerous contraband, or that

8   the evidence presented at the hearing was not overwhelming, does not alter the conclusion

9   that the hearing officer's decision was supported by some evidence. Therefore, the state court

10  reasonably concluded there was some evidence to uphold the decision of the hearing officer.

11          2.      Habeas Relief is not Warranted with Respect to Petitioner's Claim
                    Regarding the Denial of an Investigative Employee

12

13          There are limited circumstances where investigative employees may be assigned to

    prisoners to facilitate with the investigatory process. Wolff, 418 U.S. at 570. Due process
14
    requires a prisoner receive staff assistance "where an illiterate inmate is involved . . . [or
15
    where] the complexity of the issue makes it unlikely that the inmate will be able to collect and
16
    present the evidence necessary for an adequate comprehension of the case." Id. Yet, this right
17
    to an investigative employee is further limited to instances when seeking aid from a fellow
18
    inmate is forbidden or when prison staff fails to designate a competent inmate to aid the
19
    prisoner. Id.
20
            California law affords prisoners a greater right to an investigatory employee than due
21
    process mandates in Wolff. See Cal. Code Regs. tit. 15, §§ 3315(d), 3318(b). The Supreme
22
    Court laid out the minimum procedural due process requirements with regard to prison
23
    disciplinary hearings in Wolff. When "state procedures rise above the floor set by the due
24
    process clause, a state could fail to follow its own procedures yet still provide sufficient
25
    process to survive constitutional scrutiny." Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.
26
    1994) (quoting Rogers v. Okin, 738 F.2d 1, 8 (1st Cir.1984)), overruled on other grounds by
27
    Sandin v. Conner, 515 U.S. 472, 483–84. Furthermore, as stated in: Pulley v. Harris:
28

U.S. District Court
E. D. California

1            Under 28 U.S.C. § 2241, a writ of habeas corpus disturbing a state-court
2    judgment may issue only if it is found that a prisoner is in custody "in violation
     of the Constitution or laws or treaties of the United States." 28 U.S.C. §
3    2241(c)(3) (1976). A federal court may not issue the writ on the basis of a
     perceived error of state law.

4    465 U.S. 37, 41 (1984).

5         The standard governing due process violations for investigatory employees is not that

6    required by California law, but that set forth in Wolff. Walker v. Summer, 14 F.3d 1415, 1420

7    (9th Cir. 1994).

8         Petitioner asserts his right to an investigatory employee under California Code of

9    Regulations 15 §§ 3315(d) and 3318(b) and California Penal Code § 2932. While Petitioner

10   may have possibly been afforded the right to an investigatory employee under California law,

11   federal due process does not require the same. Petitioner's claim for relief under California law

12   does not present a cognizable claim.

13        Wolff holds that there is a due process right to an investigatory employee when the

14   issues presented are complex. The term "complex" has been left open to judicial interpretation.

15   Issues courts have found to lack complexity include: "possession of controlled substance,"

16   "mutual combat," and "possession of dangerous property" See e.g., Simpson v. Dexter, No.

17   09-0300, 2009 U.S. Dist. WL 6340117 at *6, 2009 U.S. Dist. LEXIS 126586 (E.D. Cal. Aug.

18   13, 2009); Harrison v. Marshall, No. 10-2300, 2010 U.S. Dist. WL 5422540 at *6, 2010 U.S.

19   Dist. LEXIS 136943 (C.D. Cal. July 28, 2010); Delong v. Knowles, No. 04-0946, 2008 U.S.

20   Dist. WL 582186 at *7, 2008 U.S. Dist. LEXIS 15593 (E.D. Cal. Feb. 29, 2008).

21        Petitioner's due process right to an investigatory employee was satisfied. The record

22   does not reveal that Petitioner is illiterate.  The issue presented was not complex. Petitioner

23   claims the issue was complex as indicated by his inability to gather the following information:

24        1) Record of cell searches on and before petitioner ocupied (sic) the cell. 2)
     Record of the different Crews working on the cell on that day, and week
25   September 2, 2008. 3) Statements from all cancerned (sic) regarding the level
     of supervision of these inmate crews, 4) Check for another prior similar incident
26   involving a handcuff key.

27   (Pet. at 13.)

28        The record reveals that Petitioner questioned a member of the prison staff regarding

1  the search of his cell at his disciplinary hearing. (Pet. at 29.) On Petitioner's second level

2  appeal, prison staff noted its investigation revealing that it would be unnecessary and

3  unauthorized for working crews to possess any tool resembling the handcuff slipping device

4  found in Petitioner's cell. (Pet. at 22-24.) Also, Petitioner had the opportunity at his disciplinary

5  hearing to explain that he was not involved in any prior incidents involving a handcuff key.

6  Petitioner was charged with possession of dangerous contraband found in his cell. A

7  substantially similar charge has been found to lack complexity, and the Court finds the same

8  here. Accordingly, Petitioner did not provide sufficient evidence indicating his issue was

9  complex to require a due process right to an investigatory employee.

10  **C.    Habeas Relief is Not Warranted With Respect to Claims One, Four and Five**

11  Petitioner's claims one, four, and five do not allege a violation of federal law or

12  Petitioner's constitutional rights. Petitioner's claim that staff failed to search his cell prior to his

13  placement therein is not supported by the record. In fact, when Petitioner questioned a

14  member of prison staff at his disciplinary hearing, the response was that all vacant cells are

15  indeed searched. (Pet. at 29.) Further, Petitioner claims that prison staff failed to protect him

16  by demonstrating "how to open handcuffs with a homemade key," thereby teaching him an

17  escape technique.  Petitioner cites to California Regulations for supporting law. (Pet. at 13.)

18  This claim does not affect Petitioner's constitutional right to due process regarding his

19  disciplinary hearing nor does it violate a federal law and is thus not cognizable. Lastly,

20  Petitioner's claim that Officer Zamora's initial report differed from her second report is a

21  credibility issue for the disciplinary hearing officer to weigh. Petitioner had the ability to present

22  any alleged discrepancies to the hearing officer at his disciplinary hearing. Petitioner is not

23  entitled to federal habeas relief for the above claims.

24  **IV.    RECOMMENDATION**

25  Accordingly, the Court **RECOMMENDS** that Petitioner's petition for writ of habeas

26  corpus relief be **DENIED**.

27  This Findings and Recommendation is submitted to the assigned United States District

28  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

U.S. District Court
E. D. California

-11-

1  Local Rules of Practice for the United States District Court, Eastern District of California.

2  Within thirty (30) days after the date of service of this Findings and Recommendation, any

3  party may file written objections with the Court and serve a copy on all parties.  Such a

4  document should be captioned "Objections to Magistrate Judge's Findings and

5  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

6  days after service of the Objections.  The Finding and Recommendation will then be submitted

7  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

8  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

9  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

10  Cir. 1991).

11

12  IT IS SO ORDERED.

13  Dated:     June 29, 2012                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28